```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/20/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
MYRA L. BREVARD,                                                   :
                                                                   :
                              Plaintiff,                           :
                                                                   :                  23-cv-428 (LJL)
              -v-                                                   :
                                                                   :                     ORDER
CREDIT SUISSE,                                                     :
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        Plaintiff Myra Brevard ("Plaintiff") commenced this action on January 18, 2023, by filing
a pro se complaint against her former employer, Defendant Credit Suisse ("Defendant"), alleging
violations of the Americans with Disabilities Act and Health Insurance Portability and
Accountability Act.  Dkt. No. 1.  On April 18, 2023, Defendant filed a motion to compel
arbitration and dismiss Plaintiff's complaint, Dkt. No. 10, based on Defendant's employment
dispute resolution program ("EDRP"), Dkt. No. 12 at ECF p. 14.

        Plaintiff filed an opposition to the motion to compel arbitration and dismiss on July 5,
2023.  Dkt. No. 19.  The opposition reflects that she prepared her opposition with assistance from
the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern
District of New York (the "NYLAG Clinic").  *Id.* at 1 n.1.  As an exhibit to her opposition,
Plaintiff attached a thread of purported emails (the "Brevard Emails") between Plaintiff and a
representative of Defendant named Karen Chung, in which Ms. Chung told Plaintiff the EDRP
did not apply to her.  *Id.* at 5–6.  Based on the Brevard Emails, Plaintiff contended that
Defendant was equitably estopped from compelling arbitration.  *Id.* at 3.

        After the Court granted Defendant an extension to respond, Dkt. No. 22, Defendant filed
a reply memorandum, Dkt. 25, and two declarations, Dkt. Nos. 23–24, in further support of its
motion to dismiss on August 18, 2023.  In the first declaration, Ms. Chung stated that she had no
recollection of ever sending the Brevard Emails and that those emails contained grammatical and
spelling errors that were "uncharacteristic" and "not errors [Ms. Chung] would often make when
corresponding with a Bank employee."  Dkt. No. 23 at 1–2.  In the second declaration,
Defendant's Global Head of Collaboration Engineering stated that Defendant maintains internal
emails for a period of ten years pursuant to banking and securities regulations.  Dkt. No. 24 at 2.
He stated that Defendant performed "exhaustive searches" for the Brevard Emails on its system,
but that they "were not located through any of [those] search efforts."  *Id.* at 4.  Finally,
Defendant's reply memorandum argued that the formatting of the Brevard Emails was
inconsistent with that of emails on Defendant's system.  Dkt. No. 25 at ECF p. 7.

On August 31, 2023, the Court held a telephonic conference regarding the motion to dismiss and the Brevard Emails.  *See* Dkt. Nos. 28, 29.  At that conference, concluding that the positions of the two parties raised factual issues, the Court scheduled an evidentiary hearing for October 12, 2023, at which the parties could submit testimony and other evidence enabling the Court to assess the authenticity of the Brevard Emails.  Dkt. No. 28.  The Court accorded the parties time so that Plaintiff could further consult with the NYLAG Clinic regarding her options.

Defendant filed a letter motion for discovery on September 11, 2023.  Dkt. No. 31.  Defendant moved the Court to order Plaintiff to produce electronic copies of the Brevard Emails or submit her email account or electronic devices for forensic examination.  *Id.* at 1.[1]  The Court directed Plaintiff to submit a response to Defendant's letter motion.  Dkt. No. 33.  On September 15, Plaintiff sent a response to the Court via email, which the Court uploaded to the docket in an order.  *See* Dkt. No. 35.  Plaintiff's response maintained that the Brevard Emails were authentic.  *Id.* at 2.  She also expressed concern that a forensic analysis of her cell phone would entail giving Defendant access to "all of [her] personal banking and credit accounts information . . . , communications between [Plaintiff] and attorneys regarding this lawsuit against Credit Suisse, [and] communications from [her] doctors in regard to [her] treatment, tests, medication and diagnosis regarding [her] disability."  *Id.*  However, Plaintiff "request[ed] that [her] email[s] be withdrawn from this case" and stated that she "intend[ed] to file an amended opposition to the Motion to Dismiss without the emails, and request[ed] 30 days to file this amended opposition."  *Id.*  The Court directed Defendant to respond to Plaintiff's requests.  *Id.* at 1.  On September 19, 2023, Defendant filed a letter asking the Court to deny Plaintiff's requests and move forward with the evidentiary hearing as scheduled.  Dkt. No. 36 at 1.  Defendant also stated that "forensic analysis of Plaintiff's Gmail account and electronic devices at this stage of the litigation would be conducted by a third-party vendor who would *only* perform targeted searches for the Brevard Emails. . . . Defendant would have no access to Plaintiff's personal information or privileged communications whatsoever."  *Id.* at 2.  Defendant opposed Plaintiff's request to submit an amended opposition to the motion to dismiss.  *Id.* at 1.

Plaintiff's requests are ambiguous.  It is not clear what Plaintiff means when she says that she wishes to withdraw the Brevard Emails from the case.  If Plaintiff wishes to withdraw the Brevard Emails from the case for fear that, if she does not, Defendant will have access to her personal banking and credit information, her medical information, and her communications with counsel, Plaintiff should have no such fear.  The Court will limit any forensic examination to one that looks for the Brevard Emails and will ensure that its order includes measures designed to protect Plaintiff's personal and privileged information.  If, notwithstanding that assurance, Plaintiff still intends to withdraw the Brevard Emails, it further is not clear whether Plaintiff wishes to withdraw her argument that Defendant be equitably estopped from compelling arbitration based on representations by Defendant or whether instead Plaintiff seeks to maintain the argument that she received representations from Defendant that she need not arbitrate but simply wishes to withdraw her reliance on the Brevard Emails.  In the former instance, the Brevard Emails and the forensic examination would no longer be relevant.  In the latter instance,

---

[1] Defendant also asked that Ms. Chung be permitted to testify remotely at the evidentiary hearing.  Dkt. No. 31 at 1.

in which Plaintiff still claims that Defendant should be equitably estopped from compelling arbitration, the Brevard Emails and the forensic examination would be relevant: without prejudging the question, if it turns out that Plaintiff made false statements about the Brevard Emails, that evidence would call into question the reliability of any testimony Plaintiff offers about representations made by Defendant.

Given Plaintiff's pro se status, the Court will grant Plaintiff leave to withdraw her current opposition to the motion to compel and to file a new opposition, as long as the current opposition is withdrawn by September 26, 2023, and the new opposition is filed by October 6, 2023.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[P]ro se plaintiffs should be granted special leniency regarding procedural matters.").  In order that the Court may timely rule on the motion to compel and determine whether the evidentiary hearing remains necessary, Plaintiff is directed to file a letter by September 22, 2023, informing the Court whether her amended opposition would maintain estoppel arguments based on representations from Defendant that she was not required to arbitrate her claims or whether she intends to withdraw that argument.

SO ORDERED.

Dated: September 20, 2023
      New York, New York

                                       LEWIS J. LIMAN
                            United States District Judge